Bruce THOMAS, an individual.,
Plaintiff–Appellant,

v.

SNAP–ON INCORPORATED,
a Delaware corporation,
Defendant–Appellee.

No. 12–56525.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 17, 2015.*

Filed March 2, 2015.

Bruce Thomas, Carlsbad, CA, pro se.

Karin Dougan Vogel, Esquire, Sheppard Mullin Richter & Hampton LLP, San Diego, CA, for Defendant–Appellee.

Before: O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

MEMORANDUM **

Bruce Thomas appeals pro se from the district court's orders denying his post-judgment requests for an early neutral evaluation and a settlement conference in his action alleging that defendant misappropriated his intellectual property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo whether the district court had subject matter jurisdiction, *Schnabel v. Lui*, 302 F.3d 1023, 1029 (9th Cir.2002), and review for an abuse of discretion the district court's compliance with its local rules concerning early neutral evaluation, *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir.2007).

Contrary to Thomas's contention, the district court had subject matter jurisdiction over his action. *See* 28 U.S.C. § 1331 (federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"); 28 U.S.C. § 1332(a)(1) (federal subject matter jurisdiction exists over disputes involving citizens of different states and an amount in controversy over $75,000.00).

The district court did not abuse its discretion in denying Thomas's post-judgment requests for an early neutral evaluation and a settlement conference because Thomas did not have a complaint pending before the court. *See Bias*, 508 F.3d at 1223 ("Broad deference is given to a district court's interpretation of its local rules." (citations and internal quotation marks omitted)); *see also* CivLR 16.1(c)(1) (an early neutral evaluation conference must be held within forty-five days of the filing of an answer or, if the answer has not been filed, as determined by the assigned judicial officer).

Thomas's motion to expedite, filed on December 18, 2014, is denied as moot.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.